In re Suzanne HERMAN, t/a/d/b/a
Herman's Food Market, Debtor.

FARMERS TRUST COMPANY, Plaintiff,

v.

Albert Z. BOGERT, Esquire, Trustee For
the Estate of Suzanne Herman,
t/a/d/b/a Herman's Food Market and
Suzanne Herman, t/a/d/b/a Herman's
Food Market, Individually, Defendants.

Bankruptcy No. 1–82–00687.
Adv. No. 1–82–0582.

United States Bankruptcy Court,
M.D. Pennsylvania.

Dec. 27, 1982.

Robert Frey, Carlisle, Pa., for plaintiff.

Albert Z. Bogert, (Trustee) Mechanics-
burg, Pa., Edward Harker, Carlisle, Pa., for
defendants.

## OPINION

THOMAS C. GIBBONS, Bankruptcy
Judge:

Gary Herman and Sue M. Herman have
moved to intervene in this adversary pro-
ceeding instituted by the Farmers Trust
Company against the debtor. For the rea-
sons cited below we grant the Hermans'
motion.

The debtor filed for relief under Chapter
7 of the Bankruptcy Code on July 29, 1982.
The instant adversary proceeding was com-
menced by the Farmers Trust Company on
October 6, 1982. In its complaint the Farm-
ers Trust Company seeks relief from the
automatic stay imposed by 11 U.S.C.
§ 362(a) in order to foreclose on a parcel of
real property owned by the debtor. The
Hermans filed their motion to intervene on
November 12, 1982. The motion is unop-
posed.

The Hermans seek intervention since
they previously contracted with the debtor
for the purchase of the realty in question.
The Hermans assert that the contract of
sale gives them an equitable interest in the
realty which they cannot adequately protect
unless the court grants their motion for
intervention.

Bankruptcy Rule 724 governs the ques-
tion of intervention in the case at bar.
That rule incorporates by reference the pro-
visions of F.R.Civ.P. 24. In pertinent part
Rule 24 states as follows:

(a) *Intervention of Right.* Upon time-
ly application anyone shall be permitted
to intervene in an action: (1) when a
statute of the United States confers an
unconditional right to intervene; or (2)
when the applicant claims an interest re-
lating to the property or transaction
which is the subject of the action and he
is so situated that the disposition of the
action may as a practical matter impair
or impede his ability to protect that inter-
est, unless the applicant's interest is ade-
quately represented by existing parties.

(b) *Permissive Intervention.* Upon
timely application anyone may be permit-
ted to intervene in an action: (1) when a

statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * *

We find that the Hermans have an interest in the realty in question and that they are so situated that the disposition of this action may impair or impede their ability to protect that interest. It is not clear that the other parties in this action will adequately protect the Hermans' interests. Consequently, we grant the Hermans' motion to intervene in this adversary proceeding.